UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN MCCARTHY,

    Plaintiff,                           CASE NO.:

v.

MAINLINE INFORMATION
SYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JOHN MCCARTHY ("Plaintiff" or "MCCARTHY"), by and through his undersigned counsel and files this Complaint against Defendant, MAINLINE INFORMATION SYSTEMS, INC. ("Defendant" or "Mainline") and states:

## THE PARTIES

1. This is an action for breach of contract against Defendant.

2. At all times material hereto, Plaintiff was a resident of Summit, New Jersey, and was an employee of Defendant.

3. At all times material hereto, Defendant was a domestic, for-profit corporation authorized to do business and doing business in, and with its principal place of business in, Leon County, Florida.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.00.

5. Venue is proper in that the contract at issue contains a forum selection clause stating that "[e]xclusive venue for any litigation shall be in Leon County, Florida," and the actions at issue occurred in the Northern District of Florida.

## STATEMENT OF FACTS

6. For over 13 years, Defendant employed McCarthy as its President and Chief Executive Officer ("CEO"). During his tenure, McCarthy – a highly respected 36-year information technology industry veteran – transformed Mainline into an IT solutions market leader.

7. As of January 1, 2017, the parties entered into a new written contract of employment (hereinafter the "Employment Agreement"), whereby Defendant agreed to continue to employ McCarthy to serve as Mainline's President and CEO in exchange for consideration commensurate with his performance and experience, with the value being created by McCarthy. *See* Exhibit 1.

8. One of the critical compensation components of the Employment Agreement was an Enterprise Value Bonus ("EVB"), which by its terms was expressly "intended to encourage Employee to grow or at least maximize profitability for the Company and to reward him for such growth...." *See* Exhibit 1 at §(3)(F), and 13.

9. The Employment Agreement also provided McCarthy with basic protections in the form of severance compensation in the event of a termination of employment by Defendant without "good cause" in accordance with standard industry practices for senior executive officers. *See* Exhibit 1 at §4(C), §5(A).

10. Specifically, if Defendant terminated McCarthy "without good cause", McCarthy was entitled to receive, among other things, severance pay in the amount of $1,600,000, together with vested, unpaid bonus compensation through the termination date. *See* Exhibit 1 at §5(A)(i).

11. On or about September 10, 2020, the parties signed an Amendment to the Employment Agreement (hereinafter the "First Amendment"). *See* Exhibit 2.

12. The First Amendment expressly amended, among other things, paragraph 3(c) of Exhibit B to the Employment Agreement as follows:

> 2. Paragraph 3(c) of Exhibit "B" of the Employment Agreement is deleted in its entirety and replaced with the following:
>
> (c) Triggering Event: If no liquidity event occurs before January 1, 2022, and Employee is still employed as of close of business on December 31, 2021, then:
>
> (i) On January 1, 2022, and at any time thereafter, Employee can trigger payment to him for the EVB and other applicable bonuses (that the Employee would otherwise be entitled to with continuous employment through December 31, 2021); and.
>
> (ii) in the event the Employee elects to trigger payment of the EVB to him after December 31, 2021, then the payment to be made in 2022 will be the greater of: (i) the EVB amount determined in this Paragraph 3 of Exhibit B for the year ending December 31, 2021; or (ii) the EVB amount determined as of the year ending December 31, 2020, calculated at an earned cumulative 7% rate in lieu of the total 5% rate as of the year ending December 31, 2020 described in Paragraph 3 of this Exhibit "B."

13. On or about July 29, 2021, the parties signed a Second Amendment to the Employment Agreement (hereinafter the "Second Amendment"). *See Exhibit 3.*

14. On or about February 8, 2022, the parties executed a Third Amendment to the Employment Agreement (hereinafter the "Third Amendment"). *See* Exhibit 4.

15. Among other things, the Third Amendment memorialized the Defendant's determination that the EVB was vested, accrued, and due and payable to McCarthy in accordance with the Employment Agreement.

16. The Third Amendment further memorialized that Defendant calculated the EVB to have a value in the amount of $40,141,000. *See* Exhibit 4 at 1.

17. The Third Amendment further memorialized that McCarthy was still employed by Defendant as of close of business on December 31, 2021, and that as of January 1, 2022, no Liquidity Event had occurred, as such term is defined by the Employment Agreement, as amended. *See* Exhibit 4 at 1, and §(1)(a)(ii).

18. The Third Amendment further memorialized Defendant's agreement to pay McCarthy the sum of $40,141,000 "in twelve equal monthly installments of $3,345,083 each on the first business day of each month in calendar year 2022, and that the first such installment was paid to the Employee on or about January 3, 2022." *See* Exhibit 4 at §1(a)(ii).

19. The Third Amendment further memorialized that the EVB "shall be subject to all appropriate federal, state and other applicable withholdings." *See* Exhibit 4 at §1(a)(iii).

20. Defendant made monthly installment payments of the EVB due to McCarthy for January, February, March, and April 2022 in the amount of approximately $3,259,000 each month.

21. On or about April 25, 2022, Defendant notified McCarthy that his employment was being terminated, purportedly for "good cause."

22. Despite numerous demands, Defendant has refused to articulate the purported grounds for "good cause."

23. Defendant has also refused to provide Defendant with any opportunity to cure any purported grounds for "good cause."

24. Defendant did not have "good cause" to terminate McCarthy.

25. Despite numerous demands, Defendant has refused to pay the monies owed to McCarthy, which include the remainder of the EVB, the $1,600,000 severance plus his bonus for the first and second (prorated) quarters of fiscal year 2022.

26. All of the aforementioned amounts are considered wages under applicable law.

27. Defendant has refused to pay McCarthy the wages he earned and is owed as set forth in the Third Amendment and in Exhibit B of the Employment Agreement, as amended.

28. Defendant has breached the Employment Agreement, as amended.

29. Defendant has refused to pay McCarthy the wages he earned and is owed as outlined in the Employment Agreement, as amended, and is now in breach.

30. Defendant's breach of the Employment Agreement has deprived McCarthy of the Employment Agreement's benefits.

31. Defendant's breach of the Employment Agreement is in breach of Defendant's implied duty of good faith and fair dealing.

## COUNT I- BREACH OF CONTRACT
### (Payment of the Enterprise Value Bonus)

32. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-31 as if fully set forth herein.

33. McCarthy and Defendant entered into a valid, written contract, the Employment Agreement, as amended. *See* Exhibits 1-4.

34. The Employment Agreement, together with its amendments, are valid and enforceable.

35. McCarthy performed all duties and obligations owed by him pursuant to the provisions of the Employment Agreement and its amendments, such that the EVB became vested, accrued, due and payable to McCarthy, as memorialized in the Third Amendment.

36. All conditions required by McCarthy for the EVB to become vested, accrued, due and payable to McCarthy have occurred.

37. Defendant materially breached the terms of the Employment Agreement, and amendments, by refusing to pay McCarthy his earned EVB pursuant to the contract.

38. This breach by Defendant was knowing and intentional.

39. As a direct and proximate cause of Defendant's breach, McCarthy has suffered significant damages in an amount to be determined at trial and for which he is entitled to recover from Defendant.

40. Defendant should be made to pay McCarthy's attorney's fees and costs.

### COUNT II – BREACH OF CONTRACT
### (Severance Pay and Quarterly Bonus)

41. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-40 as if fully set forth herein.

42. The Employment Agreement, together with its amendments, are valid and enforceable.

43. McCarthy performed all duties and obligations owed by him pursuant to the provisions of the Employment Agreement and its amendments.

44. All conditions required by McCarthy for Defendant's performance of its obligation to pay him severance and his bonus for the first and second (prorated) quarters of fiscal year 2022 have occurred.

45. Defendant terminated McCarthy without "good cause", as such term is defined in the Employment Agreement.

46. As set forth in the Employment Agreement, Defendant's termination of McCarthy without good cause entitles McCarthy to a severance payment in the amount of $1,600,000 and a bonus payment for the first and second (prorated) quarters of fiscal year 2022.

47. Defendant materially breached the terms of the Employment Agreement, as amended, by refusing to pay McCarthy his severance pay and a bonus for the first and second (prorated) quarters of fiscal year 2022.

48. This breach by Defendant was knowing and intentional.

49. As a direct and proximate cause of the Defendant's breach, McCarthy has suffered significant damages in an amount to be determined at trial and for which he is entitled to recover from Defendant.

50. Defendant should be made to pay McCarthy's attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)   That process issue and this Court take Jurisdiction over this case;

(b)   Enter judgment against Defendant and for Plaintiff for all monetary damages allowed under the laws and causes of action enumerated herein;

(c)   Grant Plaintiff an award of attorney's fees and costs pursuant to §448.08, Fla. Stat.; and

(d)   Grant such further relief as being just and proper under the circumstances.

Dated this 27th day of May 2022

> Respectfully submitted,
>
> */s/ Tiffany R. Cruz*
> TIFFANY R. CRUZ
> Florida Bar No.: 090986

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com

ATTORNEYS FOR PLAINTIFF

Of Counsel:

Brian S. Kaplan (*pro hac vice* application forthcoming)
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
212-335-4515
brian.kaplan@us.dlapiper.com